The judgment of the district court will be affirmed.

**Paul D. MARTIN, Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

**No. 10875.**

United States Court of Appeals Fourth Circuit.

Argued Feb. 7, 1967.

Decided March 16, 1967.

---

19. Although the general escheat law names the United States Attorney as the party who is to make such motion, the function of the United States Attorney has been transferred to the Attorney General by 3 V.I.Code § 114(a) (6).

Jackson L. Kiser, Martinsville, Va. (Young, Kiser & Firth, Martinsville, Va., on brief), for appellee.

Before SOBELOFF, BOREMAN and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Plaintiff, who was injured in an automobile accident, obtained a judgment against two other motorists whose joint and several negligence caused him injury. When he was unable to effect collection of his total judgment from them, he sued State Farm in the instant case on two policies of insurance that State Farm had issued to him, both of which contained uninsured motorist provisions, pursuant to 1950 Code of Virginia, § 38.1–381 (1966 Cum. Supp.).[1] State Farm moved, *inter alia*, for the district court to abstain from deciding the action until the question of state law, as to whether State Farm was liable to plaintiff under the uninsured motorist clauses of one or both of the policies, could be decided by a state court. Contemporaneously with filing this motion, State Farm instituted a declaratory action in a state court to obtain an adjudication of the question; but this action has never been brought to trial.

Initially, the district Judge entered no formal stay, but because he was aware that the identical question of state law was pending before us and was then undecided, he advised counsel that he would not proceed with the trial until our decision was announced. After the decision in White v. Nationwide Mutual Insurance Co., 361 F.2d 785 (4 Cir. 1966) (the case which the dis-

J. B. Browder, Richmond, Va. (William F. Stone, Joyce & Stone, Martins- & Morris, Richmond, Va., on brief), for appellant.

1. The judgment was for $55,000.00 against Clyde Henry Farmer and William Lloyd Cope. Farmer had liability insurance coverage of $15,000.00 and Cope of $5,000.00. By virtue of 1950 Code of Virginia § 46.1–1(8) (1958 Ed.), Cope was an uninsured motorist because he lacked liability insurance in the amount of $15,000.00. Farmer's and Cope's maximum coverage, totalling $20,000.00, have been paid Martin. State Farm admitted that under the uninsured motorist provisions of the two policies it issued to Mar-

tin, it was liable to Martin for $10,000.00, its statutory maximum liability of $15,-000.00 under each policy, less the amounts that Martin collected from the joint tort feasors ($30,000.00 less $20,000.00). The substantive controversy between Martin and State Farm was whether State Farm could take credit for the amounts collected by Martin against its statutory coverage when what was collected plus statutory coverage were less than the total judgment.

trict judge was awaiting), was announced,[2] the instant case was brought to trial. The district judge formally denied the motion to abstain and adjudicated State Farm liable to the plaintiff on each of the two policies it had issued to Martin by reason of Cope's being an uninsured motorist.[3] It is from this order that State Farm appeals.

■ The sole alleged error presented on appeal is the district judge's denial of the motion to abstain. We read our decision in the *White* case as dispositive of the merits of the litigation; in oral argument and on brief, State Farm does not seriously contend to the contrary. Because of this circumstance, extensive consideration of the abstention doctrine is unnecessary. It suffices to say that abstention has been sanctioned in cases presenting federal constitutional issues which might be avoided or presented in a different posture by a determination of state law by a state court, or where the exercise of federal jurisdiction would unduly disrupt state administrative process. Martin v. Creasy, 360 U.S. 219, 79 S.Ct. 1034, 3 L. Ed.2d 1186 (1959); County of Allegheny v. Frank Masherda Co., 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959); Harrison v. N.A.A.C.P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959); Louisiana Power & Light Co. v. Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed. 2d 1058 (1959); Gower and Islar, Jr., Federal Court Abstention in Diversity of Citizenship Litigation, 43 Texas L. Rev. 194 (1964); Note, Abstention and Certification in Diversity Suits: "Perfection of Means and Confusion of Goals." 73 Yale L.J. 850

(1964); Note, Federal-Question Abstention, 80 Harv.L.Rev. 604 (1967). Contra, United Services Life Ins. Co. v. Delaney, 328 F.2d 483 (5 Cir. 1964), cert. den., 377 U.S. 935, 84 S.Ct. 1335, 12 L.Ed.2d 298 (1964). This case presents no such considerations. The mere possibility that, solely, in the exercise of its diversity jurisdiction, a federal court may be called upon to decide an issue of state law, not theretofore decided by a state court, in a manner different from some subsequent authoritative state decision is no ground for abstention. Meredith v. The City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); Propper v. Clark, 337 U.S. 472, 69 S.Ct. 1333, 93 L.Ed. 1480 (1949).

Aside from the proper scope of the abstention doctrine, we have, by reason of our decision in the *White* case, already decided the substantive issues between the parties. Adoption of State Farm's contention would mean that plaintiff, at the behest of State Farm, would be disentitled to avail himself of what we have decided were the rights of White and those similarly situated, that the doors of the district courts of this circuit would be substantially closed to him and that he must seek redress for his rights in a state court. In exercise of diversity jurisdiction, our decisions do not have so transitory a quality; they are subject, in this instance, to defeasance only by a contrary decision by the Supreme Court of Appeals of Virginia. Because it was proper to deny the motion to abstain, the judgment of the district court is

Affirmed.

2. In White v. Nationwide Mutual Insurance Co., supra, we held that as to the liability of an insurer to its insured (the injured party) under an uninsured motorist endorsement, payments made by or on behalf of the uninsured motorist should be applied first to reduce the loss of the injured party, and not to reduce the liability of the injured party's insurer. We thus held that the injured party's insurer had no right of subrogation against the tort feasor until the injured party received full satisfaction of his judgment. We

thought this result proceeded from Bryant v. State Farm, 205 Va. 897, 140 S.E.2d 817 (1965), although admittedly Virginia had not decided the precise point.

3. The district judge gave judgment against State Farm for $30,000.00. Since State Farm had theretofore paid the amount of its admitted liability ($10,000.00) into the registry of the Court, it was directed to pay Martin the additional sum of $20,-000.00.