**Robert Edmund EGGLESTON, infant, by his father and next friend Robert Ellyson Eggleston, Plaintiff,**

v.

**Emory Wesley TOWNSEND et al., Defendants.**

Civ. No. 20424.

United States District Court, D. Maryland.

Jan. 26, 1972.

Thomas F. Dempsey, John F. Burgan, Baltimore, Md., for plaintiff.

William A. Hegarty, Baltimore, Md., for defendant State Farm Mutual Automobile Ins. Co.

No appearance for defendants Emory Wesley Townsend and Betty Edna Townsend.

HERBERT F. MURRAY, District Judge.

In this diversity personal injury action, the minor plaintiff, Robert Edmund Eggleston, was involved in an intersectional collision while operating a motorcycle owned by his father, Robert Ellyson Eggleston. The other vehicle was owned by the defendant, Betty Edna Townsend, and operated by her husband, Emory Wesley Townsend. The accident occurred in Perryville, Maryland.

At the time of the collision, the defendants Townsend had no insurance coverage on their vehicle. A liability insurance policy covering the motorcycle operated by the plaintiff Eggleston contained an endorsement affording "uninsured motorist" coverage, and for this reason the insurer, State Farm Mutual Automobile Insurance Company, sought and obtained leave to intervene to protect its interests and filed an answer in the case.

In the fifth defense of the answer filed by State Farm it alleged:

"That the policy or policies of insurance issued by State Farm Mutual Automobile Insurance Company does not extend coverage requiring said company to pay any part of a judgment, if any, secured against Emory Wesley Townsend or Betty Edna Townsend."

In view of this position taken by State Farm, the plaintiff, Robert Edmund Eggleston, in the personal injury suit filed a "Petition for Declaratory Judgment" alleging that on the date of the accident in question, State Farm had in force five separate policies of motor vehicle liability insurance issued to the plaintiff's father, Robert Ellyson Eggleston, and covering various vehicles, including the motorcycle involved in the accident. The petition also alleged that each of the five policies provided protection against uninsured motorists in accordance with Section 38.1–381 of the Code of Virginia, such coverage in each instance being in the amount of $15,000 for bodily injury. The petition sought a declaratory judgment that the coverage afforded by State Farm and available to satisfy any judgment which Eggleston might obtain against the uninsured motorist, therefore, totaled $75,000, or $15,000 from each of five policies issued to the plaintiff's father. The petition further alleged that there was an actual controversy in that State Farm had taken the position that the policies do not "stack" or pyramid and that the only coverage afforded was $15,000, the amount of the uninsured motorist coverage on the policy covering the motorcycle.

To facilitate disposition of the coverage question, counsel for plaintiff and counsel for State Farm entered into an "Agreed Statement of Facts." It appears from this statement that as to the five policies issued by State Farm, separate premiums were charged and paid and "that each of said policies was issued in Virginia and provided protection against uninsured motorists in accordance with Section 38.1–381 of the Code of Virginia * * *" with a limit of $15,000 for bodily injury. The parties also stipulated in the statement that Robert Edmund Eggleston was an insured under each of the five policies is-

sued to his father. Attached to the statement was a copy of the State Farm policy covering the motorcycle, which policy was alleged to be substantially in the same form as the other four policies covering other vehicles.

At oral argument held on the plaintiff's petition for declaratory judgment on January 18, 1972, plaintiff's counsel took the position that the "All Sums" language of the Virginia uninsured motorist statute, Section 38.1–381, paragraph (b), means exactly what it says and that a person injured by an uninsured motorist is entitled to recover the full amount of his personal injury judgment so long as there is any uninsured motorist coverage available without regard to any "other insurance" or "excess-escape clauses" which may be contained therein. He argued that such restrictive clauses being repugnant to the statute are void.

The statutory language is as follows:

"Nor shall any such policy or contract relating to ownership, maintenance or use of a motor vehicle be so issued or delivered unless it contains an endorsement or provision undertaking to pay the insured *all sums* which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46.1–1(8), * * *." (Emphasis supplied)

Section 46.1–1(8) at the time the subject policies were issued provided that the minimum amount of such insurance must be $15,000 for one person in one accident.

Counsel for the intervenor, while recognizing that plaintiff's argument has considerable force in the light of the decision of the Supreme Court of Appeals of Virginia in 1965 in the case of Bryant v. State Farm Mutual Automobile Insurance Company, 205 Va. 897, 140 S.E.2d 817, instead urges that the Court find the *Bryant* case inapplicable because of the Virginia court's later decision in 1970 in State Farm Mutual Automobile

Insurance Co. v. United Services Auto Association, 211 Va. 133, 176 S.E.2d 327. Counsel for intervenor argues that the *United Services* case gave effect to "other insurance" provisions similar to those involved in the uninsured motorist endorsements of the State Farm policies in the case at bar and that the wording of these "other insurance" clauses in *United Services* and the present case is substantially different from the clause construed in *Bryant* and that a different result should therefore obtain.

These arguments call for a brief survey of decisions of the Supreme Court of Appeals of Virginia and the United States Court of Appeals for the Fourth Circuit dealing with Virginia uninsured motorist coverage, and the interpretation in the light of those decisions of the policy language here involved.

The wording of the pertinent clauses in all five policies issued by State Farm to Eggleston is as follows:

"6. Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the Limit of Liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar bodily injury insurance available to him and applicable to the accident, the damages for bodily injury shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies, than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Logically, one might well take the view that the purpose of legislation requiring insurers to provide uninsured motorist coverage is to put the motorist injured in a collision with an uninsured vehicle in the same position he would have been in had the uninsured motorist carried insurance with the same limits as prescribed by the uninsured motorist law. A number of jurisdictions have taken this view,[1] but significantly Virginia, whose law governs in this case, is not among them.[2]

Before there had been any definitive ruling of the Supreme Court of Appeals of Virginia, the United States Court of Appeals for the Fourth Circuit was faced with the problem of determining how Virginia's highest court would rule on the point in the case of Travelers Indemnity Company v. Wells, 316 F.2d 770 (1963). The Court had to consider whether under the uninsured motorist law of Virginia a guest injured in an accident by an uninsured driver may recover on his own uninsured policy if his claim cannot be satisfied in full by his host's uninsured insurance. The guest had a policy with uninsured coverage issued by Travelers Indemnity Company, and the host had a similar policy with Fidelity and Casualty Company of New York, each policy having a mandatory coverage of $15,000 for one person and $30,000 for more than one injured in a single accident. The Travelers policy had the following "other insurance" clause:

"6. Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured under this endorsement, the insurance hereunder shall apply only as *excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance."* (Emphasis supplied)

Construing this clause, the Fourth Circuit Court of Appeals, speaking through Judge Albert V. Bryan, held (at p. 772):

"Our conviction is that in this situation no uninsured protection whatsoever was due from Travelers to the Wells. It was explicitly excluded by the Other Insurance condition. The condition made Fidelity and Casualty the primary insurer, inasmuch as the Wells were 'occupying an automobile (Smith's) not owned' by them. Travelers insurance then was confined to the amount by which its policy limit exceeded that of Fidelity and Casualty, the only other similar insurance. There was no 'excess' because the two policies were each written for the statutory limits and no more—$15,000 for one injured and $30,000 for two or more. Hence, under the Other Insurance condition Travelers never became answerable to the Wells to any extent. Their sole insurance was the Fidelity and Casualty policy. Its absorption by the claims of others did not generate a right in the Wells to resort to Travelers' policy.

"The Law did not propose to provide an injured guest with uninsured protection beyond the statutory amounts through a combination of the host's insurance and that owned by the guest for himself. If the claim of the Wells were correct, then the uninsured endorsements would guarantee to policyholders a solvency on the part of an uninsured far greater than that required for him to qualify as an insured

---

1. The cases adopting this view are collected at page 557 of the annotation in 28 A.L.R.3d entitled Uninsured Motorist—"Other Insurance."

2. Although the accident occurred in Maryland, this Court in a diversity case is bound by the decisions and interpretations of the Supreme Court of Appeals of Virginia in regard to the scope and intent of the uninsured motorist statute. White v. Nationwide Mutual Insurance Company, 361 F.2d 785 (4th Cir. 1966); Guthrie v. State Farm Mutual Automobile Insurance Co., 279 F.Supp. 837 (D. S.C., 1968).

motorist—$15,000 and $30,000 coverage—under the Virginia Automobile Registration Statute. Such a result is nowhere intimated in the Law."

The Fourth Circuit Court of Appeals commented in the footnote in the *Travelers* case:

"Unfortunately we did not have the opportunity to obtain the guidance of the Supreme Court of Appeals by deferring decision until it passed upon the case * * *."

That opportunity came two years later when the Supreme Court of Appeals of Virginia decided the case of Bryant v. State Farm Mutual Automobile Insurance Company, *supra*.

In the *Bryant* case, Bryant, Jr. was driving a truck owned by his father when he was involved in an accident with an uninsured motor vehicle. He sued and recovered judgment against the uninsured motorist for $85,000. State Farm acknowledged its liability on the policy issued to Bryant, Sr. and paid to Bryant, Jr. the $10,000 limit of that policy on the $85,000 judgment in settlement of all claims of Bryant, Jr. under the Bryant, Sr. policy. However, State Farm refused to pay anything under the uninsured motorist coverage of the policy issued to Bryant, Jr. on the theory that the "other insurance" clause made the uninsured coverage of that policy excess and since the coverage on each policy was the same, it had no obligation whatsoever to pay. The clause in question read:

"With respect to bodily injury to an insured while occupying an automobile not owned by the named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of all such other insurance * * *."

The Supreme Court of Appeals of Virginia, interpreting this clause, found it repugnant to the statute, stating:

"But Part 4, Section Six of the insurance policy issued by State Farm to Bryant, Jr., undertakes to limit and qualify the provisions of the statute. It undertakes to pay the insured not 'all sums which he shall be legally entitled to recover as damages', as the statute commands, but only such sum as exceeds 'any other similar insurance available' to him; i. e., the amount by which the applicable limit of the policy 'exceeds the sum of the applicable limits of all such other insurance.' Clearly this provision places a limitation upon the requirement of the statute and conflicts with the plain terms of the statute. It is therefore illegal and of no effect.

▮ The limit of the recovery of the plaintiff under any or all insurance policies carrying the uninsured motorist provision required by § 38.1–381 (b) would be the amount of the insured's judgment against the uninsured motorist."

The Supreme Court of Appeals of Virginia, in the course of its opinion, referred to the Fourth Circuit decision in Travelers Indemnity Company v. Wells, *supra*, and expressed their disagreement with it, taking the view that to the extent "other insurance" provisions conflict with the statute, they are invalid and unenforceable.

Later, in the case of White v. Nationwide Insurance Company, the Fourth Circuit Court of Appeals again had occasion to interpret the Virginia statute and said, 361 F.2d 785, 786:

"We are, therefore, bound by the decisions of the Supreme Court of Appeals of Virginia. We find the interpretation of the intent of the uninsured motorist statute contained in Bryant v. State Farm Mut. Auto. Ins. Co., 205 Va. 897, 140 S.E.2d 817 (1965), to be controlling * * * Virginia holds that 'the limit of recovery * * * under any and all insurance policies carrying the uninsured motorist provision required by § 38.1–381(b) would be the amount of

the insured's judgment against the uninsured motorist.' Bryant v. State Farm, supra, 140 S.E.2d at 820."

Subsequent lower court decisions in the Fourth Circuit applying the teaching of the *Bryant* and *White* cases are Pulley v. Allstate Insurance Co., 242 F.Supp. 330 (E.D.Va., 1965); Guthrie v. State Farm Mutual Automobile Insurance Co., 279 F.Supp. 837 (D.S.C.1968). Both of these cases held invalid "other insurance" clauses which were contrary to the provisions of the Virginia statute.

The final federal chapter of this history is contained in the Fourth Circuit decision in Martin v. State Farm Mutual Automobile Insurance Company, 375 F. 2d 720 (1967). In *Martin*, the plaintiff who was injured in an automobile accident, obtained a judgment against two other motorists, Clyde Henry Farmer and William Lloyd Cope, whose joint and several negligence caused him injury. The judgment was in the amount of $55,-000. Farmer had liability insurance coverage of $15,000 and Cope of $5,000. Under the Virginia Code, Cope was an uninsured motorist because he lacked liability insurance in the amount of $15,-000. The maximum coverage available to Farmer and Cope under their respective policies ($20,000) was paid to the plaintiff Martin. State Farm had issued two policies of insurance to the plaintiff, both of which contained uninsured motorist provisions. When the plaintiff Martin was unable to collect his total judgment from Farmer and Cope, he sued State Farm on the two policies issued to him. It appears from a footnote in the decision that (p. 721 of 375 F.2d):

> "State Farm admitted that under the uninsured motorist provisions of the two policies it issued to Martin, it was liable to Martin for $10,000.00, its statutory maximum liability of $15,-000.00 under each policy, less the amounts that Martin collected from the joint tort feasors ($30,000.00 less $20,-000.00)."

The District Court under the teaching of *Bryant* and *White* had held that State Farm was liable to the plaintiff for the full amount of the uninsured motorist coverage under its two policies ($30,000). The Fourth Circuit considered the substantive issues in the case already foreclosed by its decision in *White* and affirmed the holding of the District Court.

Since no attempt was made by State Farm's counsel in the *Martin* case to rely on the "other insurance" provision of either of the two policies it had issued to the plaintiff, this would seem to constitute an acknowledgment that the coverages of uninsured motorist policies may be combined or stacked.

No different result is called for by the decision of the Supreme Court of Appeals of Virginia in State Farm Mutual Automobile Insurance Company v. United Services Auto Association, *supra*. In that case the question involved was the extent to which uninsured motorist coverage in policies issued by three different companies would be available to satisfy a $22,500 judgment obtained by the minor plaintiff, Caroline Sargent, against an uninsured motorist. At the time of the accident, Caroline Sargent was a passenger in a vehicle owned by Lobi and driven by Call. United Services Automobile Association had issued a policy to the parents of the minor plaintiff which carried an uninsured motorist endorsement. Government Employees Insurance Company had issued a policy to Lobi with such coverage which it admitted extended to the minor plaintiff as an insured. State Farm had issued a policy to the parents of Call who, by virtue of his residence in the parents' household, was an insured under the policy. State Farm waived any contention that its policy did not extend coverage to the minor plaintiff under the uninsured motorist endorsement. Each policy carried the minimum requirement of $15,000 uninsured motorist coverage.

As in the instant case, all three policies carried the same "other insurance" clause which read as follows:

> "Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance

**1218**

hereunder shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, * * *.

"Except as provided in the foregoing paragraph, if the insured has other similar bodily injury insurance available to him and applicable to the accident, * * * the company shall not be liable for a greater proportion of any loss to which this coverage applies, than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Considering this clause and its holding in *Bryant*, the Supreme Court of Appeals of Virginia distinguished the situation in *Bryant* as follows:

"There is a crucial difference between the language in the clause now under consideration and that held invalid in *Bryant*. The language before us now does not contain a limitation on the uninsured motorist statute which would permit an insurance company to escape all or a portion of its liability to the insured, thus depriving the insured of coverage to which he was legally entitled. We held void such a limitation in *Bryant* and in that respect *Bryant* is not applicable." [3]

■ Applying the teaching of these cases, the Court concludes that under the Virginia Uninsured Motorist Law, when multiple policies in a single or several companies provide sufficient coverage to fully satisfy any judgment by the injured person against the uninsured motorist, then the "other insurance" clauses

in the various policies will be given effect to determine priority of payment. However, when the application of "other insurance" clauses would serve to limit or defeat full satisfaction of the injured person's judgment, such clauses will not be given effect since they would prevent recovery of "All Sums" to which the injured person is entitled under the Virginia statute as interpreted by Virginia's highest court.

In the present case, of course, it is not known what the amount of the judgment, if any, will be in favor of the injured person. In oral argument, counsel for State Farm conceded that the "other insurance" clause in the policy covering the motorcycle operated by Robert Edmund Eggleston did not apply, since Robert Edmund Eggleston (the insured) was occupying a vehicle *owned* by the named insured, his father, Robert Ellyson Eggleston. The clause applies only to bodily injury to an insured while occupying a vehicle *not* owned by the named insured. Therefore, the $15,000 coverage of that policy is admittedly available to satisfy any judgment in this case. However, the Court understood counsel for State Farm to contend that the coverage of the other four State Farm policies would not be available since they would be "excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance" and because "the damages for bodily injury shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance"—i. e., $15,000.

In the Court's view, as in the case of the policy covering the motorcycle, the first paragraph of the "other insurance"

3. State Farm having issued the policies in the present case and a policy in *United Services* with the "other insurance" clause above quoted, it is interesting to speculate whether the omissions indicated in the first and second paragraphs of the clause as quoted in *United Services* would contain the same wording as in the otherwise exactly similar "other insurance" clause involved in the policies State Farm issued in the present case. If so, it seems a fair inference the Virginia court struck out the language as repugnant to the Virginia statute and considered the effect only of the clause as so revised. As will be seen, that is essentially what this court does in the present case.

provisions in each of the other four policies does not apply because the insured was occupying a vehicle *owned* by the named insured father.[4] Therefore, only the following second paragraph contained in the "other insurance" provisions of each of the other four policies would be applicable:

"Except as provided in the foregoing paragraph, if the insured has other similar bodily injury insurance available to him and applicable to the accident, *the damages for bodily injury shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance,* and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance." (Emphasis added)

 Under the teaching of *Bryant* and the other cases construing Virginia law, the Court rules that the italicized language in the paragraph just quoted is a limitation repugnant to the Virginia statute and, therefore, of no effect.

 Excising that language and then applying the clause in the other four policies, the Court rules that to any judgment obtained by the plaintiff against the defendants Townsend, there will be applied first the $15,000 uninsured motorist coverage admittedly available under Policy No. 2646 801–A30–46 covering the motorcycle, and to the extent that any such judgment exceeds that $15,000 coverage, the uninsured motorist coverage of the other four policies will then be applied to the satisfaction of the balance of the judgment on a pro rata basis up to a total of $60,000. Thus, the total available coverage is $75,000.[5]

It is so ordered and declared.

---

4. If the Court is incorrect in this conclusion, the "excess" provision of the paragraph still could not, under *Byrant, White, Martin* and *United Services, supra,* be applied in such a way as to limit or reduce the recovery on any judgment obtained in this case against the uninsured motorist.

5. Counsel for State Farm argue that to the extent of any payment it makes under any or all of its policies, it is subrogated to the rights of the plaintiff against the uninsured motorist; that it would be unfair if State Farm can come back against the uninsured motorist for $75,-000, whereas if he had minimum insurance coverage State Farm would have no right against him. However, if the plaintiff obtains a judgment against the uninsured motorist for $75,000, it is a liability of the uninsured motorist whether he owes it to the plaintiff or to State Farm.