Veronica **LOUTHIAN**, Plaintiff,

v.

**STATE FARM MUTUAL INSURANCE COMPANY**, Defendant.

Civ. A. No. 73–230.

United States District Court,
D. South Carolina,
Charleston Division.

May 4, 1973.

Samuel C. Craven, Charleston, S. C., for plaintiff.

J. W. Cabaniss, Grimball & Cabaniss, Charleston, S. C., for defendant.

### ORDER

SIMONS, District Judge.

This matter is before the court upon plaintiff's Motion for Summary Judgment.

This litigation arose out of an automobile collision which occurred in Charleston County on December 9, 1970. At that time the plaintiff was a passenger in an automobile owned and operated by Inez W. Spaulding, who was insured under a policy issued to her by the defendant State Farm. The accident occurred when the Spaulding car was struck by a car owned and operated by Pearl C. Goude. Mrs. Goude contended, and such contention is not contested, that her car had first collided with an unidentified vehicle, thereby causing her to lose control and subsequently strike the Spaulding automobile. Admittedly there was no physical contact between the unidentified vehicle and the Spaulding vehicle, in which plaintiff was riding.

As a result of the accident, both Spaulding and Louthian, the plaintiff herein, brought separate actions in South Carolina courts against Goude and against the unidentified owner-operator of the third vehicle, designated John Doe.[1] Both trials reached similar conclusions: the juries in both cases rendered verdicts in favor of the plaintiffs against the defendant John Doe, but not against the defendant Goude.

Thereafter Spaulding instituted an action in the Charleston County Court against State Farm, contending that under both the provisions of the South Carolina Motor Vehicle Safety Responsibility Act, and of the policy, the company was obligated to pay the verdict returned against John Doe. State Farm defended on the basis of certain language in the statute and in the policy. The statute, in pertinent part, provides:

"If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, there shall be no right of action or recovery under the uninsured motorist provision, unless . . . (2) The injury or damage was caused by physical contact with the unknown vehicle . . ." S.C. Code Ann. § 46–750.34 (1971 Supp.). The policy provision relating to this situation is similar to the statutory requirement. The policy, in pertinent part, provides as follows:

"Hit-and-Run Automobile. The term 'hit-and-run automobile' means an automobile which causes bodily injury to an insured or property damage arising out of physical contact of such automobile (1) with the insured or (2) with an insured automobile, provided: (i) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile' . . ."

Plaintiff Spaulding moved for summary judgment in the Charleston County Court before Judge Theodore D. Stoney, and the parties agreed that the sole question of law was the meaning of the statute relating to a "hit-and-run automobile," or, more specifically, whether the "injury or damage was caused by physical contact with the unknown vehicle," § 46–750.34, *supra*.[2] Relying on the South Carolina Supreme Court decision in Coker v. Nationwide Insurance Co., 251 S.C. 175, 161 S.E.2d 175 (1968), the county court concluded, "Our language is clear and concise and specifically states that no action can be brought, unless caused by actual physical contact with the unknown vehicle." Thus by Order dated March 27, 1973, Judge Stoney denied the plaintiff's Motion for Summary Judgment, and directed that judgment in the case be entered in favor of the defendant. Attorney for the defendant in the instant action informs

---

1. The Louthian suit was brought in the Court of Common Pleas for Charleston County; the Spaulding suit was brought in the Charleston County Court. These are separate trial courts within the state judicial system; decisions from either court are directly appealable to the South Carolina Supreme Court.

2. Judge Stoney's Order in disposing of the Motion did not consider whether the policy language itself afforded coverage beyond the requirement of the uninsured motorist statute. His ruling was based solely on a determination of the statute's meaning.

the court that Judge Stoney's decision is currently under appeal to the state supreme court.

The instant action, though brought as a diversity suit within the jurisdiction of this court, raises the identical legal issue as decided by the Charleston County Court in the Spaulding case. For in the present action, the plaintiff Louthian, like the plaintiff Spaulding in the state suit, asserts that as a result of the verdict in her favor against John Doe in the prior litigation, State Farm is bound under its uninsured motorist coverage in the policy issued to Spaulding to satisfy that judgment. Although the County Court decided the issue of law adversely to her, plaintiff has moved for summary judgment here on the following grounds: (1) that the physical contact required by the uninsured motorist statute includes injury or damage resulting from a chain of events set in motion by contact originated by the unidentified automobile, even though that contact was not directly with the insured vehicle, and (2) that the insurance policy itself, under the policy provision above quoted, is broad enough to include indirect physical contact, as the policy does not require actual physical contact.

Under the rule espoused by the Supreme Court in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court in this diversity case is bound to follow the substantive law of South Carolina. Judge Stoney's position in the Spaulding case was that the South Carolina Supreme Court's decision in *Coker, supra,* foreclosed plaintiff's reliance on the first ground stated. However, this court is not constrained to the view that *Coker* decided this issue adversely to the plaintiff's position. In that case, the plaintiff's automobile collided head-on with a second vehicle, whose driver and identity were known. The second vehicle, at the time of the accident, had been racing with a third vehicle, the identity and driver of which could not be ascertained. Admittedly there was no physical contact between the unknown vehicle and either the second vehicle or with plaintiff's vehicle. The court held that in light of the statute, the absence of any such physical contact was fatal to the plaintiff's claim. However, the court specifically left open the factual situation involved in the present dispute:

"Cases have been cited where the vehicle driven by the unknown motorist struck another vehicle and knocked it into the vehicle of the insured. Inter-Insurance Exchange of The Automobile Club of Southern California v. Lopez, 238 Cal.App.2d 441, 47 Cal. Rptr. 834, and Motor Vehicle Accident Indemnification Corp. v. Eisenberg, supra, 18 N.Y.2d 1, 271 N.Y.S.2d 641, 218 N.E.2d 524. Whether or not such would satisfy the physical contact provisions of our statute is not involved in this case. Here there was no contact between the unknown vehicle and any other vehicle involved in the collision." 161 S.E.2d at 178–179.

The only other South Carolina Supreme Court decision construing this statute known to this court is likewise inapposite to the factual situation here. In Wynn v. Doe, 255 S.C. 509, 180 S.E. 2d 95 (1971), the plaintiff, a motorcyclist, sought to hold her uninsured motorist carrier liable when she slipped upon a slick chemical substance on the highway. Her theory was that the dangerous substance had been spilled on the road by an unknown motorist. The court found that such a circumstance did not meet the "physical contact" requirement of the statute.

Thus, insofar as this court is able to determine, the highest court of this state has not specifically ruled upon the question here presented. Of course, it will shortly have the opportunity to do so upon the appeal from Judge Stoney's Order.

As to the plaintiff's second contention in support of the Motion, that the policy itself is broad enough to include indirect physical contact, plaintiff relies on State Farm Mutual Automobile Insurance Company v. Spinola, 374 F.2d 873 (5th

Cir. 1967). That case arose in Florida, where there is no statutory requirement similar to South Carolina's § 46–750.34. Instead the plaintiff relied solely on the policy language, which is the equivalent of, though not identical to, the policy provision under consideration in the present action. The facts in *Spinola* were that the vehicle being operated by the insured was stopped in a line of traffic. Immediately behind him and also stopped was a second automobile. A third vehicle struck the second, which in turn rammed into the insured's automobile, resulting in injury to its occupants. The driver of the third vehicle fled the scene, and neither his identity nor the ownership of the automobile could be ascertained. In affirming the district court's decision adverse to the insurance company, the Fifth Circuit said:

"The sole issue before us is whether there was physical contact between the hit-and-run vehicle and the Spinola vehicle so as to bring the accident within the coverage of the insurance contract. The District Court answered this question in the affirmative. We agree. There is no Florida decision in point. The cases of Motor Vehicle Accident Indemnification Corp. v. Eisenberg [*supra*]; Inter-Insurance Exchange of Auto. Club of So. Cal. v. Lopez [*supra*] are analogous and persuasive. The holding in each is consistent with that of the District Court here." 374 F.2d at 874.

The present Motion came on to be heard on April 17, 1973, in Charleston. At that time the court expressed the preliminary view that on these facts, the plaintiff should be entitled to summary judgment, but that it may be the better approach to hold the matter in abeyance until the state supreme court rendered its decision in the Spaulding appeal from the Charleston County Court. The court further noted that an affirmance of that order would not necessarily require a finding for the defendant here. For if the Spaulding case were affirmed solely on the basis of the language of the statute, the plaintiff could pursue his second theory in this court; that is, that the policy itself affords additional coverage beyond the statute, and that the policy requires the insurer to pay the John Doe verdict, as the Fifth Circuit reasoned in *Spinola*.

Upon further consideration of this matter subsequent to the hearing, the court has concluded that holding a decision on this Motion in abeyance would be inappropriate. Influential in this determination are three recent decisions of the Fourth Circuit which look with disfavor upon the judicial doctrine of abstention, at least in such a situation as confronts the court here.

AFA Distributing Co., Inc. v. Pearl Brewing Co., 470 F.2d 1210 (4th Cir. 1973), involved the interpretation of a Virginia statute which purported to regulate the manner in which a brewery could terminate a franchise contract with a wholesaler who sold the brewery's products. At the outset, the court noted that the statute was "exceedingly difficult and incredibly ambiguous." 470 F.2d at 1211. Although the district court proceeded to interpret the statute, the appellate court, *ex mero motu*, raised the issue of whether it would not be more appropriate for the federal courts to abstain from such interpretation. Of special concern to the Fourth Circuit was the existence of an inchoate constitutional question: if the statute were interpreted to apply to contracts entered into before its effective date, the constitutionality of the statute under the Contract Clause, U.S.Const. art. I, § 10, could be brought into question. The court, citing numerous authorities on the abstention doctrine, distilled the law into the following statement:

"We recognize that mere difficulty in determining state law does not in itself justify a federal court's declining to exercise its jurisdiction. Congress has adopted the policy of opening the federal courts to litigants in diversity cases, and we cannot close the door to the federal courts merely because such a case involves a difficult question of state law. Thus this judge-made doctrine of abstention

may be applied only where there are special circumstances. [Citations omitted].

. . . . . .

"Since in this case the state law is unclear and a state court decision could conceivably avoid a constitutional decision, abstention is appropriate." 470 F.2d at 1212–1213.

■ Thus, even though the current case involves the interpretation of a state statute, and though the state law is unclear, the implication of the *AFA Distributing* case is that, as there is no constitutional issue involved, abstention is improper.

The Fourth Circuit more recently spoke to abstention in Wohl v. Keene, 476 F.2d 171 (4th Cir. 1973). In that case the plaintiffs sought to attack a prior decree of a Maryland equity court involving settlement agreements as to testamentary trusts. The district court dismissed the Complaint, invoking the doctrine of abstention, and noting that the plaintiffs had an adequate remedy in the state equity court rendering the Decree. The Fourth Circuit determined that abstention was inapplicable in such a case. The appellate court quoted the following passage from Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943):

> "The diversity jurisdiction was not conferred for the benefit of the federal courts or to serve their convenience. Its purpose was generally to afford to suitors an opportunity in such cases, at their option, to assert their rights in the federal rather than in the state courts. In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment." 320 U.S. at 234, 64 S.Ct. at 11, quoted in Wohl, 476 F.2d at p. 175.

A third and the most recent decision of the Fourth Circuit in this area of abstention is the case of Connor v. Koons Ford Inc., 475 F.2d 1399 (4th Cir. 1973).

Nearly on all fours with the posture of the current action is another Fourth Circuit abstention decision, Martin v. State Farm Mutual Automobile Insurance Co., 375 F.2d 720 (4th Cir. 1967), which was cited in *Wohl* to support the proposition that abstention is not appropriate solely to avoid the decision of difficult state law questions. In *Martin*, the plaintiff, having obtained a judgment against two other motorists whose joint and several negligence caused his injury, sought to collect on the judgments from State Farm, his uninsured motorist carrier. State Farm requested that the district court abstain from deciding the action until the state court could decide the coverage question involved. State Farm had contemporaneously brought a declaratory judgment action in a state court to obtain an adjudication of the question. The district judge denied the Motion to abstain and, although he did hold the matter in abeyance until a pending Fourth Circuit case on the identical issue was decided, he proceeded to rule in the matter without awaiting the state declaratory action to come to trial. In affirming the district court's denial of the Motion to abstain, the Fourth Circuit said, "The mere possibility that, solely, in the exercise of its diversity jurisdiction, a federal court may be called upon to decide an issue of state law, not theretofore decided by a state court, in a manner different from some subsequent authoritative state decision is no ground for abstention," 375 F.2d at 722, citing Meredith v. The City of Winter Haven, *supra*. This court views that language dispositive of any proposal to hold decision on the current Motion in abeyance.

■ Having determined that a delay in this action until the South Carolina Supreme Court decides the Spaulding appeal would be contrary to the teaching of the foregoing cases, the court next moves to the substantive issue at hand: that is, whether the "physical contact"

requirement of the statute and of the policy require *direct* contact between the unidentified vehicle and the insured automobile, or whether the requirement is satisfied by physical contact with an intervening vehicle. As has been previously indicated, this court is of the opinion that the *Coker* case rather than deciding this precise issue expressly reserved it. Neither is the decision in Wynn v. Doe, *supra*, helpful when applied to the within facts. As the question is undecided by the highest state court, it becomes this court's duty to determine what that court will likely decide when squarely faced with the issue, and then to apply that rule to the facts of this case. In making such a determination, the court does not consider itself bound by the decision of the Charleston County Court in the Spaulding case. The general principle is that federal courts are not bound by decisions of state trial courts where those decisions are not published and are given little weight as precedent even within the state. 1 Barron & Holtzoff, Federal Practice and Procedure (Wright revision, 1960) at § 8. I do not find the county court opinion persuasive under the facts of this case.

▮▮ A recent annotation at 25 A. L.R.3d 1299 (1969) treats the specific question under consideration herein. In every case discussed in that treatise and in the most recent supplement thereto, where there was actual physical contact between the hit-and-run car and an intervening vehicle which was thus directed into the insured vehicle, the courts have held that the "physical contact" requirement of the statute or of the policy was met, and that the uninsured motorist coverage thus included the unknown vehicle. The only decisions where coverage was not extended were those where there was no actual physical contact between the unknown vehicle and the intervening vehicle, such as the situation in *Coker*. In fact, a close reading of *Coker* suggests that coverage should be extended when there is actual physical contact between the unidentified car and an intervening vehicle. The court notes,

"The parties agree that there was no contact between the unknown vehicle and *any other vehicle involved in the collision*," 161 S.E.2d at 178 (emphasis added), and later repeats, "[T]here was no physical contact between the unknown vehicle and *any vehicle involved in the accident*," *id.* The implication is that if there had been any physical contact between the unknown vehicle and the intermediate vehicle, such contact would have been sufficient under the terms of the statute to bring the uninsured motorist provision into play.

This court is thus persuaded by cases cited in the above annotation, by the decision of the Fifth Circuit in *Spinola*, and by the implications contained in *Coker*, that when the South Carolina Supreme Court is faced with this issue, it will determine that the uninsured motorist coverage either required by the statute or actually present in this contract affords coverage to the plaintiff in this factual situation. Thus plaintiff's Motion for Summary Judgment, insofar as the coverage question is concerned, should be granted.

▮ By its Motion for Summary Judgment, plaintiff also seeks to recover attorneys' fees under a recent enactment of the South Carolina Legislature which became law on March 16, 1972. That statute, in pertinent part, provides:

"In the event of a claim, loss or damage which is covered by a policy of insurance . . . and the refusal of the insurer . . . to pay such claim within ninety days after a demand has been made by the holder of the policy or contract and a finding on suit of such contract made by the trial judge of a county court or court of common pleas that such refusal was without reasonable cause or in bad faith, the insurer . . . shall be liable to pay such holder, in addition to any sum or any amount otherwise recoverable, all reasonable attorneys' fees for the prosecution of the case against the insurer . . . .. The amount of such reasonable attorneys' fees shall be determined by the trial judge and the amount added to the

901

judgment . . . ." S.C.Code Ann. §
37–167.1 (1972 Supp.).

This court is of the opinion that the state legislature is powerless to compel the award of attorneys' fees in an action brought in the United States District Court. Indeed, the legislation does not attempt to do so, but limits its applicability to a common pleas or county court. Even were such a provision binding on this court, I would not hesitate to find in this case that the insurer's refusal to pay was not "without reasonable cause or in bad faith." Instead, the insurance company persuaded a lower court of this state that it was legally justified in not paying at all and it is only after considerable research that this court has reached its contrary decision. Thus plaintiff's reliance on this legislation is manifestly ill-founded.

The clerk will enter judgment in favor of the plaintiff as to the issue of the defendant's liability under its policy for the judgment obtained by the plaintiff in the state court in the John Doe suit. As to the matter of attorneys' fees, plaintiff's Motion for Summary Judgment is denied.

And it is so ordered.