## INSURANCE COMPANY *v*. STINSON.

1. The owner of the equity of redemption has an insurable interest equal to the value of the buildings on the land.
2. A party having a mechanic's lien on buildings by him erected on land then covered by mortgage has an insurable interest, limited only by their value and the amount of his claim. His discontinuance of his suit to enforce the lien after their destruction is not matter of defence to his action on the policy.

ERROR to the Circuit Court of the United States for the District of Massachusetts.

The facts are stated in the opinion of the court.

*Mr. Charles T. Russell* and *Mr. Charles T. Russell, Jr.*, for the plaintiff in error.

*Mr. Robert D. Smith, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

This was an action on a policy of insurance against loss or damage by fire. Stinson, the plaintiff below, had a contract to build a hotel to be called the Webster House, at Marshfield, Plymouth County, Massachusetts, for the sum of $25,000, and had nearly completed it; but, failing to get his payments from the owner, he stopped work and took the necessary steps for securing a mechanic's lien on the building. For this purpose he filed the required statement with the town clerk, and commenced an action to enforce his lien within the period prescribed by law. Whilst that action was pending, in July, 1875, he procured the policy in question from the plaintiffs in error, the defendants below, insuring him for three months against loss or damage by fire to the amount of $5,000 on the building, — the policy stating his interest to be that of contractor and builder. The loss occurred during the continuance of the policy, and due notice was given. After the fire the plaintiff did not further prosecute his action to enforce the lien; but commenced the present action for the amount of his insurance. When the building contract was entered into, and until the loss occurred, the property on which the building was erected was subject to a mortgage for a debt of $17,000, being the purchase-money which the owner had agreed to pay to the former owner; and which is conceded to have been a lien on the whole property prior to that of the plaintiff. Two defences were made by the insurance company to the action: first, the failure of the plaintiff to prosecute his suit for enforcing his lien; secondly, want of insurable interest, from the alleged fact that the property, at the time of the loss, was not worth more than the amount of the prior mortgage. The court overruled these defences, and charged the jury substantially as follows, namely: that if the plaintiff had a valid builder's lien when the policy was effected, which could have been enforced by the decree of the appropriate court against the equity of redemption of the property, and if it was a valid and subsisting lien at the time of the loss, it was immaterial whether he did or did not subsequently perform those acts, the non-performance of which as conditions subsequent might have dissolved the lien.

The court further instructed the jury in substance that if the plaintiff had such builder's lien when the policy was effected, which could have been enforced by the decree of the appropriate court, and by virtue of which he could have recovered the equity of redemption on that property, then he was entitled to recover, without regard to the question what his equity of redemption might or might not have realized at an auction sale; that if a party has a valid and subsisting second security for a given amount, and he enters into a contract of indemnity against the destruction of that security, and a loss by fire occurs, both parties having full knowledge of the state of the property and the title when the contract is entered into, such insurance would cover that second security, although by the subsequent course of events the older and prior security might have swept away the value of the second; and that if the jury found in this case that this plaintiff had a valid claim for a given amount subsisting at the time of the loss, and which he had done everything that was required of him to enforce up to the time of the loss, and that it was such a claim, for instance, as he could have recovered a judgment for $5,000 or $6,000 or $8,000, and a judgment against that equity of redemption on that property, that was, for the purposes of this trial, an insurable interest, and an interest which he had on that property, whether by any course of events that property might have been by subsequent events more or less affected; and for the purposes of this trial the court instructed the jury to so consider it.

To this charge, and to the refusal to give instructions to the contrary, the defendants took a bill of exceptions.

We think that the instructions were correct. As to the first point, based on the abandonment by the plaintiff, after the destruction of the building, of the proceedings to enforce his lien, it is apparent from the evidence adduced by the defendants themselves that it could not have injured them. But, aside from this consideration, if the plaintiff had an insurable interest at the time of issuing the policy and at the time of the loss, equal to the amount insured, he had a complete and absolute cause of action against the defendants; and it was no concern of theirs whether he farther prosecuted his lien or not,

unless they desired to be subrogated to his rights, and gave him notice to that effect. Whether, if they had done this, and had offered to indemnify him against all costs and expenses, a refusal on his part to continue the proceedings would have been a defence to this action, it is unnecessary to inquire. No such course was taken by the defendants. We may remark, however, that where a creditor effects insurance on property mortgaged or pledged to him as security for the payment of his debt, the insurers do not become sureties of the debt, nor do they acquire all the rights of such sureties. They are insurers of the particular property only, and so long as that property is liable for the debt, so long its destruction by fire would be a loss to the creditor within the terms of the policy. A surety of the debt might complain if the creditor should surrender to the debtor collateral securities; but an insurer of property for the benefit of the mortgagee would have no just ground of complaint. True, after a loss has occurred and the insurance has been paid, sufficient to discharge the debt, the insurers may be entitled to be subrogated to the rights of the creditor against the debtor, and to any collateral securities which the creditor may then hold and which are primarily liable for the debt before the insurers. But even then we do not think that the creditor is bound to take any active steps to realize the fruits of a collateral, or to keep it from expiring, unless the insurance be first paid and notice be given to him of a desire on the part of the insurers to be subrogated to his rights, with a tender of indemnity against expenses. We are aware that views somewhat differing from these have been held by respectable authority; but we think without any sound reason. See May on Insurance, sect. 457; *Insurance Company* v. *Woodruff*, 2 Dutch. (N. J.) 541. To impose such restrictions and obligations upon the creditor would be to add to the contract of insurance conditions never contemplated by the parties, making of it a mere shadow of security, and increasing the avenues of escape from obligation to pay, already too numerous and oppressive. When a building is insured in the interest of a mortgagee, the insurance company does not inquire what other collaterals he holds, and never reduces its premium on any such consideration.

As to the other question, relating to the insurable interest of

the plaintiff, we think that the charge given was equally free from exception. There is no doubt that the owner of the property had an insurable interest to the extent of the value of the building notwithstanding the existence of a mortgage on the property of sufficient amount to absorb it. Leading authorities on the point may be found cited in May on Insurance, sects. 81, 82. The remarks of Mr. Chief Justice Marshall, in delivering the opinion of the court in *Columbian Insurance Co.* v. *Lawrence* (2 Pet. 25), are apposite and illustrative. The assured in that case, though in possession, had only a contract for a purchase of the property, subject to a. condition which had not been complied with, but of which the vendor had taken no advantage at the time of effecting the insurance, or at the time of the loss. The Chief Justice says: "That an equitable interest may be insured is admitted. We can perceive no reason which excludes an interest held under an executory contract. While the contract subsists, the person claiming under it has undoubtedly a substantial interest in the property. If it be destroyed, the loss in contemplation of law is his. If the purchase-money be paid, it is his in fact. If he owes the purchase-money, the property is its equivalent, and is still valuable to him. The embarrassment of his affairs may be such that his debts may absorb all his property; but this circumstance has never been considered as proving a want of interest in it. The destruction of the property is a real loss to the person in possession, who claims title under an executory contract, and the contingency that his title may be defeated by subsequent events does not prevent this loss."

The principle asserted in these remarks, as well as the reason of the thing, leads to the conclusion, that the owner of an equity of redemption has an insurable interest equal to the value of the insurable property embraced therein, whether he is personally liable for the mortgage debt or not. His interest arises from his ownership, carrying with it the incidental right of redeeming the property from the incumbrances on it. If he is also personally liable for such incumbrances, it only makes his interest more direct and exacting.

Such being the insurable interest of the owner of the equity of redemption, it follows that one who has a mechanic's lien

on the property by virtue of a contract with such owner, has an equal insurable interest, limited only by the value of the property and the amount of his claim. In the present case it is admitted that the value of the building insured exceeded the amount of the plaintiff's claim; and that the latter was equal to the amount insured. The insurable interest of the lienholder arises from the nature of the lien, which is a *jus ad rem.* All the owner's rights in the property are potentially his. They are under hypothecation to him for his security, and he can reduce them to possession if the debt be not paid. He is, therefore, directly interested in the property to the extent of his demand, whatever other security he may hold; and is entitled to insure to that extent; and, if a loss occurs, to recover the full amount of his insurance, or so much thereof as may be necessary to satisfy his debt.

We think that there is no error in the record.

*Judgment affirmed*