Morris E. Spector, J.
The action herein was instituted in January, 1963 to recover for personal injuries sustained by a plaintiff as a result of an automobile accident with a defendant. At that time the plaintiffs filed a notice of claim with Motor *860 Vehicle Accident Indemnification Corporation (MVAIC), because it was uncertain whether the defendants’ automobile was insured. It was not until April and May, 1963 that it became reasonably certain that the defendants’ car was insured for $5,000 and $10,000. The automobile owned by the defendant William Underwood, is registered in the State of Rhode Island.
It is the plaintiffs’ contention that inasmuch as the automobile causing the injuries has coverage of only $5,000 and $10,000, it is an “ uninsured motor vehicle ’ ’ under the statute and the plaintiffs therefore have a right to proceed to arbitration. The plaintiffs therefore move for an order directing that their action against the defendants be discontinued so that they may proceed against MVAIC. The sole issue therefore is whether the defendants’ automobile is recognized as an “ uninsured motor vehicle ” under our statutes.
Subdivision c of section 601 of the Insurance Law states: ‘ ‘ ‘ Insured motor vehicle ’ means a motor vehicle as to which there is maintained proof of financial security as defined in subdivision three of section three hundred eleven of the vehicle and traffic Law.” Subdivision d states: “‘Uninsured motor vehicle ’ means a motor vehicle other than a motor vehicle described in subdivision c.” Subdivision 3 of section 311 of the Vehicle and Traffic Law defines “proof of financial security” as “ proof of ability to respond in damages for liability arising out of the ownership, maintenance or use of a motor vehicle as evidenced by an owner’s policy of liability insurance ’ ’, and paragraph (a) of subdivision 4 defines an “ owner’s policy of liability insurance ” as “ Affording coverage as defined in the mirnrrmm provisions prescribed in a regulation” promulgated by the Superintendent of Insurance — to wit: $10,000 and $20,000.
It seems clear therefore that the defendants’ automobile was an “ uninsured motor vehicle ” under the law of this State and was indeed a ‘ ‘ financially irresponsible motorist ’ ’ as set forth in subdivision j (cl. [a]) of section 601 of the Insurance Law. The plaintiff is therefore entitled to arbitrate the question of her claim of damage against MVAIC.
Accordingly the motion to discontinue the action without prejudice is granted and the motion to stay arbitration is denied.