**Rita S. WHITE, Plaintiff, and Allstate Insurance Company, Third-Party Defendant, Appellees,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

No. 10244.

United States Court of Appeals
Fourth Circuit.

Argued March 11, 1966.

Decided May 4, 1966.

Craven, District Judge, dissented.

William B. Poff and Talfourd H. Kemper, Roanoke, Va. (John H. Thornton, Jr., and Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., on brief), for appellant.

William J. Sturgill, Norton, Va. (Leslie M. Mullins and Greear, Bowen, Mullins, Winston & Sturgill, Norton, Va., on brief), for appellee Rita S. White.

Before SOBELOFF and J. SPENCER BELL, Circuit Judges, and CRAVEN, District Judge.

J. SPENCER BELL, Circuit Judge:

This case involves the interpretation of the Virginia Uninsured Motorist statute, Va.Code Ann. § 38.1–381(b–h) (Supp. 1964), and an insurance policy issued thereunder. Plaintiff was covered by an uninsured motorist endorsement as required by subsection (b). The car in which she was riding was negligently struck by a nonresident motorist carrying insurance providing for $10,000 coverage for one person. By the terms of the statute a vehicle is uninsured if it is covered by less than $15,000 insurance for a single person. Va.Code Ann. §§ 38.1–381(c) and 46.1–1(8). Plaintiff secured a judgment against the uninsured motorist for $22,000. She then instituted suits against Allstate Insurance Company, the insurer of the negligent driver, and Nationwide Mutual Insurance Company, her own insurer. These suits were removed to the federal court and consolidated. Allstate paid into the court $10,000, the limit of its liability policy, which was paid to the plaintiff. The Nationwide policy provided for an exposure of $15,000 for one person. The district court ordered Nationwide to pay $12,000, the remaining amount unpaid of Mrs. White's judgment. Of this Nationwide has tendered $5,000, claiming that its exposure is reduced by the amount of payment already received.

The question here is whether payments made by or on behalf of an uninsured motorist should be applied first to reduce the liability of the insurance carrier or should be applied first to reduce the loss of the injured party. We hold that they should first reduce the loss of the injured party.

Jurisdiction in this case is grounded upon diversity of citizenship. We are, therefore, bound by the decisions of the Supreme Court of Appeals of Virginia. We find the interpretation of the intent of the uninsured motorist statute contained in Bryant v. State Farm Mut. Auto. Ins. Co., 205 Va. 897, 140 S.E.2d 817 (1965), to be controlling. Contrary to decisions in other states interpreting similar statutes, see e. g., Maryland Casualty Co. v. Howe, 106 N.H. 422, 213 A.2d 420 (1965), and Burchram v. Farmers Ins. Exc., 255 Iowa 69, 121 N.W.2d 500 (1963), that the purpose of uninsured motorist statutes is to provide protection up to minimum statutory limits for injuries caused by financially irresponsible motorists and that the statutes were not designed to provide the insured with greater insurance protection than would have been available had the insured been injured by an operator with a policy containing minimum statutory limits. Virginia holds that "[t]he limit of recovery * * * under any and all insurance policies carrying the uninsured motorist provision required by § 38.1–381(b) would be the amount of the insured's judgment against the uninsured motorist." Bryant v. State Farm, supra 140 S.E.2d at 820.

■ The exposure of Nationwide cannot under the language of the statute as interpreted by the Supreme Court of Appeals of Virginia be limited as the carrier contends:

"Section 38.1–381(b) of the Code * * * commands that *no policy* of bodily injury liability insurance shall be issued or delivered unless it undertakes to pay the insured 'all sums' he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle within the limits of the policy. That is plain language. It means that every such policy shall so undertake. There is no limitation or qualification of this language anywhere in the statute, nothing at all to indicate that it does not mean what it says." *Bryant* at page 820.

Nationwide relies on its policy provision which says:

"Any amount payable to an insured under the terms of this coverage shall be reduced by (1) all sums paid to such insured for bodily injury or property damage by or on behalf of the person legally liable therefor * * *."

■ To the extent that this provision limits exposure below $15,000 it is void as contrary to the statute. Cf. *Bryant,* supra. Nationwide, however, contends that this provision merely expresses its right of subrogation contained in the statute, § 38.1–381(f), and even in the absence of the policy provision it would be entitled to these same rights by subrogation. The statute provides:

"(f) Any insurer paying a claim under the endorsement or provisions required by paragraph (b) of this section shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury, death or damage to the extent that payment was made * * *."

Appellant contends that it, therefore, has first rights to any recovery of the insured and that the acceptance of the $10,000 from Allstate has damaged its right in that amount. This misconstrues the doctrine of subrogation.

"The right of subrogation cannot be enforced until the whole debt is paid, and until the creditor be wholly satisfied, there ought to and can be no interference with his rights or his securities which might, even by bare possibility, prejudice or embarrass him in any way in the collection of the residue of his claim." Obici v. Furcron, 160 Va. 351, 168 S.E. 340, 344, 91 A.L.R. 848 (1933); Williston on Contracts § 1269 (rev. ed. 1936); Insurance Co. v. Stinson, 103 U.S. 25, 26 L.Ed. 473 (1880). Nationwide contends "that a subrogated claim based upon an insurance payment need not be in full satisfaction of the debt in order that the insurer's claim for reimbursement be paramount to the insured's claim for the unsatisfied portion of the debt." The learned counsel has entirely misconceived the case to which he has referred.[1]

Thus no paramount right of subrogation arises until the insured has received full satisfaction of his judgment against the uninsured driver. Even if Nationwide had paid the limit of its policy, $15,000, prior to the payment by Allstate it could only have rights to $3,000 of the Allstate payment (the remaining $7,000 would go to fully satisfy the insured). The net payment by Nationwide would still be $12,000.

We need not reach the question of whether this is a different result than provided for by the statute in the situation where the negligent motorist is unknown but later discovered. § 38.1–381 (f). Suffice it to say that that is a different circumstance with possibly different policy considerations. It is ap-

1. In the case cited, Brighthope Railway Co. v. Rogers, 76 Va. 443 (1881), the insurance company insured lumber for $1,500. It was destroyed. A claim was made by the owner for $1,000. The claim was compromised for $701.50 and the creditor "fully satisfied." The court held that where the insurer had paid an agreed amount for the *entire loss* he was subrogated to the rights of the insured, though it was less than the original claim. This is not analogous to payment for only part of a loss.

parent that if the motorist is later discovered to have been covered within the statutory definition then the original payment under the uninsured motorist endorsement was made under a mutual mistake of fact.

The decision of the district court is

Affirmed.

CRAVEN, District Judge (dissenting).

Once again we are perforce attempting to determine a question of Virginia state law in advance of decision by Virginia's highest court. See: Travelers Indemnity Co. of Hartford, Conn. v. Wells, 316 F.2d 770 (4th Cir. 1963); Note, 51 Va. L.Rev. 1387, 1443 (1965).

I do not think Bryant v. State Farm Mutual Automobile Insurance Co., 205 Va. 897, 140 S.E.2d 817 (1965), controls this case. It teaches only that an injured person may look to more than one Uninsured Motorist policy where more than one is available. Here, there is only one such policy. The question of subrogation confronting us was not present in *Bryant*. The statute (quoted in the majority opinion) allows Nationwide subrogation "to the extent that payment was made * * *." I think it means what it says, and I respectfully dissent.