**James T. PORTER, Appellant,**

**v.**

**The EMPIRE FIRE AND MARINE INSURANCE COMPANY, a Nebraska corporation, Appellee.**

**No. 2 CA–CIV 779.**

Court of Appeals of Arizona,
Division 2.

April 2, 1970.

Rehearing Denied May 4, 1970.

Review Granted June 2, 1970.

William T. Healy, Tucson, for appellant.

Lesher & Scruggs, by Robert O. Lesher, Tucson, for appellee.

HATHAWAY, Judge.

Can Porter recover against his own carrier under the uninsured motorist coverage when, after settlement with others, an insufficient $2,500 remains of the negligent driver's insurance? This question was decided against the appellant when the trial court granted the appellee's motion to dismiss the appellant's lawsuit for breach of an implied covenant of an insurance policy.

The appellant and four other persons were injured as a proximate result of the negligence of one Joseph B. Fitch in the maintenance and/or operation of his automobile which was insured by the Employers Group with limits up to $20,000 for the accident. A settlement offer was made by the Employers Group and accepted by the five injured persons as follows:

1. Thomas E. Kittner $ 6,250.00
2. Fredrick M. Groenke 6,000.00
3. Thomas A. Hopkins 2,750.00
4. James T. Porter 2,500.00
5. Anthony Cozzini 2,500.00

After the settlement payment, Porter was left with $7,500 in unsatisfied damages.

Before the settlement was entered into, Porter's attorney notified appellee of the accident and proposed settlement and demanded that appellee satisfy his remaining damages under the uninsured motorist provision of the policy issued by appellee. Appellant took the position that Fitch was only a partially-insured motorist with respect to appellant's injuries. The appellee denied coverage and therefore refused to approve or disapprove the proposed settlement. The appellant subsequently settled with the Employers Group in an effort

**4**

to obtain some satisfaction for the damages suffered.

The appellant filed this suit on May 14, 1969. The appellee denied liability and alleged:

1. That Fitch was not an uninsured motorist under the uninsured motorist provision of the appellant's policy with the appellee;

2. That the appellant could not recover because he had violated an exclusion of said policy by settling without the written consent of the appellee;

3. That the appellant could not recover because he had failed to adhere to the *arbitration provision of the policy.*

The appellee's motion to dismiss the appellant's complaint on the grounds that it failed to state a claim for relief was granted on June 24, 1969. The appellant contends that the superior court committed reversible error when it granted the appellee's motion to dismiss. The argument centers around the intriguing proposition that although Fitch had insurance in the amount required by the Arizona Financial Responsibility Act, where it had to be divided among five injured persons he was only a partially-insured motorist with respect to the appellant's injuries. Appellee responds that Fitch met the requirements of the Act and appellee is not obliged to alleviate appellant's hardship occasioned by the inadequacy of Fitch's insurance.

The principal purpose of the *Arizona Financial Responsibility Act* is:

" * * * the protection of the public using the highways from financial hardship which may result from the use of automobiles by financially irresponsible persons." Schecter v. Killingsworth, 93 Ariz. 273, 280, 380 P.2d 136, 140 (1963)

■ Uninsured motorist coverage is meant to provide some financial recompense to innocent persons who receive injuries, and to the dependents of those who lose their lives through the wrongful conduct of an uninsured and *financially irresponsible motorist* who cannot be made

to respond in damages. 12 Couch, Insurance 569 § 45:623 (2d ed. 1964); Moore v. Hartford Fire Insurance Company, 270 N.C. 532, 155 S.E.2d 128 (1967). Our uninsured motorist statute provides:

"On and after January 1, 1966, no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in § 28-1142, under provisions filed with and approved by the insurance director, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. This coverage shall at the time the policy is issued be called to the attention of the named insured who shall have the right to reject such coverage. * * *" A.R.S. 20-259.01

The uninsured motorist statute expresses a " * * * strong legislative policy in favor of uninsured motorist coverage." Maryland Casualty Company v. Wilson, 6 Ariz.App. 470, 472, 433 P.2d 650, 652 (1967). Arizona courts have generally responded unhesitantly to effectuate that policy through an attitude of liberal interpretation gauged to protect automobile accident victims. Geyer v. Reserve Insurance Company, 8 Ariz.App. 464, 447 P.2d 556 (1968).

The term "uninsured motorist" is not defined in the statutes. On February 24, 1970, one day before oral argument in the present appeal, the term was defined by an Arizona court. Department B of Division One of the Court of Appeals had occasion to define "uninsured motorist" in Harsha v. Fidelity General Insurance Com-

pany, 11 Ariz.App. 438, 465 P.2d 377, filed February 24, 1970. There, the court said that an insured could not recover for unsatisfied damages against the uninsured motorist carrier since he had available the *full* statutory minimum under the liability policy of the tortfeasor, holding that when one meets the minimum limits of the Financial Responsibility Act, that person is "insured."

The instant appeal presents an important factual distinction from *Harsha*. *Harsha* did not involve a multiple injury situation, and not only did the appellant there receive substantially the full amount of recovery under the tortfeasor's insurance policy ($9,500 on a $10,000 policy), the full minimum amount of coverage was available to said appellant. Such is not the case in our multiple injury situation; Porter could recover only $2,500 of such insurance, and had damages exceeding that amount. Thus, here, the injured victim was not afforded the minimum statutory protection. So, even though his insurer has received its premium attributable to this coverage, the insurer was permitted to deny liability on the basis that Porter received *some* recovery, no matter how small, from the negligent party.

In Kraft v. Allstate Insurance Company, 6 Ariz.App. 276, 431 P.2d 917 we noted that "uninsured motorist" insurance coverage is designed to close gaps in the Act and to protect those injured by financially irresponsible motorists. In *Geyer* we quoted from Peterson v. State Farm Mutual Automobile Insurance Company, 238 Or. 106, 393 P.2d 651 (1964):

"In other words, the legislative purpose in creating compulsory uninsured motorist coverage was *to place the injured policyholder in the same position he would have been in if the tortfeasor had had liability insurance.*" [Emphasis added] 8 Ariz.App. at 466, 447 P.2d at 558.

There is no dearth of cases treating out-of-state automobiles as uninsured motorists where the amount of insurance carried by the owner did not satisfy the minimum coverage under the state's financial responsibility law, although insurance was carried in the amount required by the state of the owner's residence. Stevens v. American Service Mutual Insurance Co. (D.C.App.) 234 A.2d 305 (1967); Carrignan v. Allstate Insurance Co., 108 N.H. 131, 229 A.2d 179 (1967); Calhoun v. State Farm Mutual Insurance Automobile Co., 254 Cal.App.2d 407, 62 Cal.Rptr. 177 (1967); Allstate Insurance Co. v. Fusco, 101 R.I. 350, 223 A.2d 447 (1966); White v. Nationwide Mutual Insurance Co. (C.A. 4 1966) 361 F.2d 785; Taylor v. Preferred Risk Mutual Insurance Co., 225 Cal.App.2d 80, 37 Cal.Rptr. 63 (1964); Cruzado v. Underwood, 39 Misc.2d 859, 242 N.Y.S.2d 74 (1963).

Where the negligent party's insurance is insufficient to compensate a victim to the minimum limits of our Financial Responsibility Act, in reality the tortfeasor is *partially-uninsured* as to that victim. In keeping with the strong policy to effectuate the remedial purpose of the Financial Responsibility Act, we are of the opinion that Porter must be permitted to proceed against his uninsured motorist carrier for his unsatisfied damages, at least until he has received the minimum protection afforded by statute. In *Harsha,* supra, that was also set as the maximum. Whether or not involved in an accident with multiple injured parties, all victims of automobile accidents should be assured of at least the statutory minimum level of protection. For the injured party to fare better financially if injured by one with *no* insurance, rather than an "underinsured," reaches an inequitable and anomalous result antipathetic to the manifest legislative purpose.

See Travelers Indemnity Company v. Wells, D.C., 209 F.Supp. 784 (1962); reversed on appeal, 4 Cir., 316 F.2d 770, but apparently reinstated by Bryant v. State Farm Mutual Automobile Insurance Company, 205 Va. 897, 140 S.E.2d 817 (1965). See 52 Va.L.R. 538 (1966) "Uninsured Motorist Coverage—Present and Future,"

**6**

especially: page 552. See also Kraft v. Allstate, supra, bearing a perhaps remote kinship to the instant problem (involving construction of the term "available.")

We have spoken of Arizona as being "* * * nowhere but in the forefront of jurisdictions in making available to automobile accident victims the *fullest benefits* of insurance coverage." [Emphasis added] Geyer v. Reserve Insurance Company, 8 Ariz.App. at 467, 447 P.2d at 559, speaking of the decisions in Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967); Carpenter v. Superior Court, 101 Ariz. 565, 422 P.2d 129 (1966) and Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145 (1963).

In *Geyer* we held that an injured victim could recover from his own uninsured motorist coverage even after he had recovered from the liability provision of his insurance. There we said "* * * that the minimum limits of our uninsured motorist legislation are a part of every policy issued containing such coverage, and that the prescribed limits cannot be reduced by offsetting policy provisions." 8 Ariz.App. at 467, 447 P.2d at 559. Since a recovery under one's liability coverage will not deny recovery under his uninsured motorist provision, we do not believe a recovery from the tortfeasor's insurer below the $10,000 minimum should prevent one, in a proper case, from recovering under his uninsured motorist provision.

The provision defining an uninsured motorist in the policy and excluding from the category any motorist carrying the statutory minimum, intrudes into the Act and entrenches upon the legislative purpose and is therefore null and void. Geyer v. Reserve Insurance Co., supra; Maryland Casualty Co. v. Wilson, supra. The policyholder is not on an equal footing with the insurance company in drafting the insuring agreement. Therefore, certain minimum protections have been placed in the statutes. We will not permit those safeguards to be diluted or eliminated.

 Concerning the other two grounds urged by appellee in its motion to dismiss, we are of the opinion that they form no basis for relief. When appellee denied coverage, it was precluded from subsequently invoking the policy provisions which were inserted for its benefit. Cf. Beaugureau v. Beaugureau, 11 Ariz.App. 234, 463 P.2d 540 (1970).

Judgment reversed.

KRUCKER, J., and WILLIAM C. FREY, Judge of Superior Court, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge WILLIAM C. FREY was called to sit in his stead and participate in the determination of this decision.