Samuel SHOOK and James Shook, Administrator of the Estate of Lucille Shook, Plaintiffs,

v.

The HERTZ CORPORATION, a corporation of the State of Delaware, and Employers Commercial Union Insurance Company, a corporation of the State of Connecticut, Defendants and Third-Party Plaintiffs,

v.

Walter W. HENDERSON, Jr., and Herbert K. Lawrence, II, Third-Party Defendants.

Superior Court of Delaware, New Castle.

Argued Sept. 19, 1975.

Decided Dec. 12, 1975.

with a vehicle owned by The Hertz Corporation (Hertz) and rented to Herbert K. Lawrence. At the time of the accident, the Hertz vehicle was being operated by Walter W. Henderson, with Lawrence riding in the car as a passenger. As a result of the accident, Samuel Shook was injured, and his wife, Lucille Shook, a passenger in his car at the time, was killed.

At the time of the accident, plaintiffs were insured by the Employers Commercial Union Insurance Company (Employers). Henderson and Lawrence were not listed in any policy as being insured, although the Hertz vehicle was covered by an insurance policy issued by Royal Indemnity Company. The Hertz Corporation and its insurer disclaimed coverage under the policy because the vehicle was operated, at the time of the accident, by an individual other than the party to whom Hertz had rented the vehicle.

In light of these developments, plaintiffs filed a claim under the uninsured motorist provision of their own policy. A representative of Employers notified plaintiffs in a letter of January 22, 1973, that, since Hertz was offering plaintiffs $3,000 to settle the case, insurance coverage apparently existed, thus foreclosing coverage to the plaintiffs under the uninsured motorist provision of the Employers' policy.

On July 30, 1974, plaintiffs brought this action against Hertz and their own carrier, Employers. The action against Hertz was premised upon an alleged violation of 21 *Del. C.* § 6102,[1] which requires that those

John S. Grady, of Bader, Dorsey & Kreshtool, Wilmington, for plaintiffs.

Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for Employers Commercial Union Ins. Co.

CHRISTIE, Judge.

This action arises out of an automobile accident which occurred on August 14, 1972, near Bridgeville, Delaware. Plaintiff, Samuel Shook, was the owner and operator of a motor vehicle which collided

---

1. § 6102. Negligence of owners and drivers of rented vehicles; insurance of liability.

(a) The owner of a motor vehicle [who is] engaged in the business of renting motor vehicles without drivers, who rents any such vehicle without a driver to another, otherwise than as a part of a bona fide transaction involving the sale of such motor vehicle, and permits the renter to operate the vehicle upon the highways, and who does not carry or cause to be carried public liability insurance in an insurance company or companies approved by the Insurance Commissioner of this State insuring the renter against liability arising out of his negligence in the operation of such rented vehicle in limits of not less than $5,000 for any one killed or injured and $10,000 for any number more than one [1] killed or injured in any one [1] accident, and against liability of the renter for property damage in the limit of not less than $1,000 for one [1] accident, shall be jointly and severally liable with the renter for any damages caused by the negligence of the latter in operating the vehicle and for any damages caused by the negligence of renting the vehicle from the owner.

engaged in the business of renting motor vehicles carry insurance insuring the renter. The cause of action against Employers was based upon the terms of the uninsured motorist coverage endorsement contained in plaintiff's policy with Employers.

On November 1, 1974, plaintiffs settled their claim against Hertz by accepting $10,000 and executing a release in favor of Hertz and its insurance carrier. It is uncontroverted that this settlement was made without the written consent of Employers.

Employers now moves for summary judgment against plaintiffs, asserting that plaintiffs' settlement with Hertz, without Employers' written consent, was violative of an exclusion clause of the policy applicable to the uninsured motorist coverage endorsement, and that such action resulted in forfeiture of whatever rights plaintiffs may have had under the policy. This exclusion clause provides:

"This indorsement does not apply:

(a) to bodily injury to an insured, care or loss of services recoverable by an insured or injury to or destruction of property of an insured, with respect to which such insured or his legal representative shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;"

In opposing the motion for summary judgment, plaintiffs assert that, since Employers, by letter[2] to plaintiff on January 22, 1973, denied liability under the uninsured motorist coverage endorsement, Employers is now precluded from invoking the exclusion clause.

There is an A.L.R. annotation at 25 A. L.R.3d, 1275 (1969, Supp.1973) which collects cases here on point. Section 5[b] of the annotation summarizes these cases in the following terms:

"Where an insurer has denied liability under an uninsured motorist indorsement prior to the time that the insured commenced suit or entered into settlement, it has been held that the insurer was thereby precluded from asserting a clause in the indorsement excluding coverage where the insured, without the insurer's consent, makes a settlement with, or obtains judgment against, a person or organization liable for his injuries."

This principle has been applied in a number of cases.

In *Calhoun v. State Farm Mutual Auto Insurance Co.*, 254 Cal.App.2d 407, 62 Cal. Rptr. 177, 181 (1967), the insurer denied liability under an uninsured motorist provision because the motorist who collided with the insured party was, in fact, insured, although for limits less than those required by California law. The insured's widow settled with the other motorist's insurer for the limit of that policy without obtaining the written consent of her deceased husband's insurer, as required by a provision in his policy similar to the one here. The court held that the widow's failure to obtain consent from the insurer to settle or sue did not deprive the widow of uninsured motorist coverage. The Court, quoting from *Estrada v. Indemnity Insurance Co.*, 158 Cal.App.2d 129, 322 P.2d 294, 300 (1958), stated:

2. The letter states, in pertinent part:
" . . . You will note for Mr. Shook to recover under the uninsured motorists provisions of his policy, he would have to establish that the Hertz vehicle which struck the Shook vehicle was uninsured at the time of the accident. Since it is our understanding that the Estate of Mr. Shook (sic)

has been offered $3,000.00 from the Hertz Car Corporation, it would appear that they are, in fact, insured.

We have received an uninsured motorists claim on behalf of the Estate of Mr. Shook (sic) and this claim has been denied on the ground that Hertz vehicle was not an uninsured vehicle . . . "

" . . . 'An insurer may not thus repudiate a policy, deny all liability thereon, and at the same time be permitted to stand on the failure to comply with a provision inserted in the policy for its benefit' . . . " *Calhoun v. State Farm Mutual Auto Insurance Co., supra,* 62 Cal.Rptr. at 181.

In *Porter v. Empire Fire and Marine Insurance Co.,* 12 Ariz.App. 2, 467 P.2d 77, vacated on other grounds, 106 Ariz. 274, 475 P.2d 258, modified on other grounds, 106 Ariz. 345, 476 P.2d 155 (1970), also involving an automobile accident, the insurer took the position that the other motorist was insured, despite lacking the full extent of coverage required by Arizona law, thus precluding the insured from coverage under the uninsured motorist provision of his policy. The insurer refused to approve or disapprove a proposed settlement consent for which the insured was required to obtain from the insurer. In response, the court stated succinctly that "when [the insurer] denied coverage, it was precluded from subsequently invoking the policy provisions which were inserted for its benefit." *Id., supra* 467 P.2d at 81. See also *Gay v. Preferred Risk Mutual Insurance Company,* 314 A.2d 644 (N.H.1974).

In a recent decision, the United States Court of Appeals for the Fifth Circuit discussed with great insight the rationale behind the waiver theory advanced in the cases cited above. In *Stephens v. State Farm Mutual Automobile Insurance Company,* 508 F.2d 1363, 1366 (5th Cir. 1975), the Court stated:

" . . . [A] claimant should not be required to approach his insurer, hat in hand, and request consent to settle with another when he has already been told, in essence, that the insurer is not concerned, and he is to go his way. It is difficult to see why an insurer should be allowed, on the one hand, to deny liability and thus, in the eyes of the insured, breach his contract and, at the same time, on the other hand, be allowed to insist that the insured honor all his contractual commitments. When the denied liability does not, in fact, exist, no harm can be done the insurer by the insured's settlement with a third party. When the denied liability does exist (as may be later adjudicated), admittedly the subrogation rights of the insurer could be compromised by settlement. However, in the case of existent, denied liability, the denial is a breach of contract on the part of the insurer and its breach should, by rights, relieve the insured of the punitive effects of his failure to comply with consent provisions of the insurance policy."

The futility of requiring plaintiffs to obtain consent to make settlement under the provisions of the policy, the coverage of which Employers denies, is obvious. Despite its argument to the contrary, Employers' position in its letter of January 22, 1973, that the Hertz vehicle was insured at the time of the accident does indeed amount to a denial of coverage, as well as liability. See *Gay v. Preferred Risk Mutual Insurance Company, supra; Porter v. Empire Fire and Marine Insurance Co., supra.*

I find this line of cases to be persuasive and I hold that the coverage provided for in the endorsement in the policy providing uninsured motorist protection was not forfeited by plaintiffs' failure to obtain Employers' written consent prior to their settlement with Hertz. Therefore, Employers' motion for summary judgment based upon the exclusion clause will be denied.

In view of the result I have reached, it is unnecessary to consider plaintiffs' additional arguments in opposition to the summary judgment motion. The motion of defendant, Employers Commercial Union Insurance Company, for summary judgment is denied. It is so ordered.