**Barry P. GELLER, et al., Appellants,**

v.

**GENERAL AGENTS INSURANCE CO. OF AMERICA, INC., Respondent.**

No. WD 45302.

Missouri Court of Appeals,
Western District.

Sept. 8, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Oct. 27, 1992.

Application to Transfer Denied
Dec. 18, 1992.

James D. Walker, Kansas City, for appellants.

Gary A. Schaffersman, Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

KENNEDY, Judge.

Appellant (plaintiff below) had a 1977 Mack truck in his possession, claiming a

lien on the same for repairs and storage under Section 430.082, RSMo 1986. The validity of the mechanic's lien, and plaintiff's right to possession thereunder, is not an issue on this appeal. Plaintiff bought from defendant insurance company an insurance policy on the truck, including theft coverage. During the term of the policy the truck was removed from plaintiff's premises and possession without plaintiff's permission. Defendant insurance company, however, denied coverage on two grounds: first, that plaintiff did not have a certificate of title to the truck, and therefore had no insurable interest therein, and, second, that the truck was not stolen but was taken from plaintiff's possession by the true owner. The trial court agreed with the defendant and granted summary judgment for the insurance company.

We sustain a summary judgment if it can be sustained on any ground. *Strunk v. Hahn*, 797 S.W.2d 536 (Mo.App.1990). However, we are not obliged to go abroad from respondent's brief to search out a basis for sustaining a summary judgment. *Thomas v. De Grace*, 776 S.W.2d 500 (Mo. App.1989).

■ The insurance company cites Section 301.210, RSMo 1986, and *Faygal v. Shelter Ins. Co.*, 689 S.W.2d 724 (Mo.App. 1985), in support of its claim that plaintiff had no insurable interest in the truck. Neither the statute nor the cited case solves our case. The statute declares that the transfer of ownership of a registered motor vehicle is accomplished exclusively by the transfer of a certificate of ownership with an assignment thereof. An attempted sale of a Missouri-registered motor vehicle without the assignment and delivery of a certificate of title is declared by Section 301.210(4) to be fraudulent and void. *Faygal* dealt with a situation where the insured had taken possession of the insured motor vehicle on an executory contract of sale, without complying with Section 301.210. The seller retained the certificate of title, to be delivered and assigned to the buyer when the buyer completed payment for the truck. The buyer was held to have no insurable interest in the truck. The con-tract for sale, the court held, arose out of a transaction prohibited by state law, and was therefore invalid and unenforceable.

In the case before us, however, there is nothing about the plaintiff's possession of the truck that was unlawful. His possession thereof was authorized and sanctioned by Section 430.082, RSMo 1986, the lien statute. Section 430.082 does not contemplate any transfer of a certificate of title from owner to holder of a lien for repairs and storage of a motor vehicle. Section 301.210 has no application to such a lien on a motor vehicle.

■ If, as we have held, Missouri's motor vehicle title law does not apply to a repair and storage lienor's possessory interest in a motor vehicle, does such a lien give its holder an insurable interest in the vehicle? The authorities answer in the affirmative. *Insurance Co. v. Stinson*, 103 U.S. 25, 26 L.Ed. 473 (1881); 3 Couch on Insurance 2d § 24:67 (R. Anderson rev. ed. 1984); 7 Blashfield Automobile Law and Practice § 291.3 (1988) ("A person has an insurable interest in a vehicle where he derives a benefit from the existence of the property insured, or would suffer a loss if it were damaged or destroyed by the peril against which it is insured.") In *Stinson*, the United States Supreme Court held that one having a mechanic's lien interest on a building has an "insurable interest". We hold that one holding a lien interest by virtue of his repairs upon a vehicle has an "insurable interest" in the motor vehicle.

■ The insurance company argues, second, that there was no theft of the truck. The plaintiff states in his petition and his deposition that one Ron Minton stole the truck from him. Minton had actually made the repairs to the truck and had assigned his lien interest to the plaintiff. Minton, after the repairs had been made and he had assigned his lien claim to plaintiff, and while the truck was in plaintiff's possession under his lien claim, purchased the truck from its legal owner and received an assigned certificate of title. Minton apparently asserted some type of disputed claim against plaintiff. He surreptitiously took the truck from its parking place in plain-

tiff's possession, and plaintiff has not seen Minton or the truck since. Plaintiff had the key to the truck and had given no one permission to use it. The insurance company cites no authorities for its position that Minton's taking was as a matter of law not theft. We are unable to say plaintiff's loss of the truck was as a matter of law not by theft. "If personal property in the possession of a person other than the general owner by virtue of some special right or title is taken from him by the general owner, the taking constitutes larceny if it is done with the felonious intent of depriving such person of his rights, or of charging him with its value, and in such a manner that if done by a stranger, it would be larceny." 50 Am.Jur.2d Larceny, Sec. 86.

Judgment reversed and cause remanded for further proceedings.

All concur.