## CIRCUIT COURT OF THE CITY OF NORFOLK

Omni Insurance Co.

 v.

Michelle Pannell et al.

July 30, 1996

Case No. (Law) L96-1460

BY JUDGE CHARLES E. POSTON

In this suit for declaratory judgment, the plaintiff seeks determination of insurance coverage with respect to an automobile accident. The matter was heard *ore tenus* by the court on July 8, 1996.

### Facts

The facts are not in dispute. On October 29, 1991, Denise Reaves was the operator of a vehicle in the City of Norfolk and was involved in a collision with a vehicle operated by Craig W. Kendrick. Michelle Pannell was a passenger in the Reaves vehicle. Reaves was insured under a policy issued by Omni Insurance Company with liability and uninsured/underinsured limits of $25,000.00. Under that same policy, $25,000.00 of uninsured/underinsured coverage was available to Pannell. Kendrick was insured by State Farm Mutual Automobile Insurance Company under a policy issued in the State of Florida with liability limits of only $20,000.00. Omni Insurance Company also affords uninsured/underinsured motorist coverage to Pannell under its policy with Reaves with limits of $25,000.00.

Pannell has filed suit against Kendrick alleging that the collision was caused by his negligence. She seeks damages for bodily injury in the sum of $150,000.00. State Farm, on behalf of Kendrick, has offered Pannell its policy limits of $20,000.00 in exchange for a release of Kendrick. Pannell has also

38

made demand upon Omni, pursuant to Virginia Code § 38.2-2206 for its entire uninsured limits of $25,000.00 under the Reaves policy. Omni has refused to pay that sum because it claims that under Virginia Code § 38.2-2206, it only has potential underinsured liability for $5,000.00 ($25,000.00 underinsured limits less the $20,000.00 offered by State Farm on behalf of Kendrick).[1]

*Law*

Three paragraphs of Virginia Code § 38.2-2206(B) provide the basis of the controversy at bar:

> *"Uninsured motor vehicle"* means a motor vehicle for which (I) there is no bodily injury liability insurance and property damage liability insurance in the amounts specified by § 46.2-472 ... .
>
> A motor vehicle is *"underinsured"* when, and to the extent that, the total amount of bodily injury and property damage coverage applicable to the operation or use of the motor vehicle and available for payment for such bodily injury or property damage, including all bonds or deposits of money or securities made pursuant to Article 15 (§ 46.2-435, *et seq.*) of Chapter 3 of Title 46.2, is less than the total amount of uninsured motorist coverage afforded by any person injured as a result of the operation or use of the vehicle.
>
> *"Available for payment"* means the amount of liability insurance coverage applicable to the claim of the injured person for bodily injury or property damage reduced by the payment of any other claims arising out of the same occurrence.

These two provisions appear to be in conflict. There is coverage under the Kendrick policy, but its limits are less than the amounts specified by Virginia Code § 46.2-472. That statute requires coverage in the minimum sum of $25,000.00 for bodily injury. A literal reading of the definition of "uninsured motor vehicle" then appears to make Kendrick uninsured. But, Kendrick does have coverage in the sum of $20,000.00, and Omni strongly urges that he is "underinsured" as defined in the statute.

---

[1] The motion for declaratory judgment in paragraph 6 refers to "$20,000.00 offered by *Allstate* on behalf of Kendrick." (Emphasis supplied.) Since Allstate is not involved in this controversy, the Court assumes that the motion for declaratory judgment was actually referring to the State Farm policy.

Courts do not engage in statutory construction when the statute is clear and unambiguous on its face. However, it is the court's duty "to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal." *VEPCO v. Prince William County*, 226 Va. 382, 388 (1983). Furthermore, a statute is not properly construed by singling out a particular phrase, nor will the court presume that the legislature intended the application of a statute to lead to irrational consequences. *VEPCO v. Citizens*, 222 Va. 866, 869 (1981).

The uninsured motorist law "having been enacted for the benefit of the insured parties ... is to be liberally construed so that the purpose intended may be accomplished." *Storm v. Nationwide Ins. Co.*, 199 Va. 130, 135 (1957); *accord, Bryant v. State Farm*, 205 Va. 897, 899 (1965). What, then, is the purpose of the uninsured motorist law? The United States Court of Appeals for the Fourth Circuit stated the purpose succinctly:

> the purpose of uninsured motorist statutes is to provide protection up to minimum statutory limits for injuries caused by financially irresponsible motorists and ... the statutes were not designed to provide the insured with greater insurance protection than would have been available had the insured been injured by an operator with a policy containing minimum statutory limits. *White v. Nationwide*, 361 F.2d 785 (1966).

Before the "underinsured" provision was enacted in 1982, it was possible for a person injured by an uninsured motorist to have greater insurance protection than he would have enjoyed had the tortfeasor been insured. The General Assembly intended by its action to "increase the total protection afforded by insurance to claimants injured or damaged by negligent motorists." *Nationwide v. Scott*, 234 Va. 573, 577 (1988).

Kendrick's policy contains coverage for the Florida statutory minimum which is less than Virginia's minimum requirements. Had he been an uninsured driver, the plaintiff would have been entitled to a greater payment under the uninsured motorist coverage than is available under the theory advanced by Omni. This situation is similar to that faced by the Supreme Court in *White*. Since the purpose of the statute is to protect motorists from uninsured tortfeasors and, at least by the 1982 amendments to the statute, to increase the coverages available, it seems clear that Omni cannot prevail in the position it advances. The definition of "uninsured motor vehicle" is very precise. It is undisputed that Kendrick does not have coverage "in the amounts specified by § 46.2-472." He is uninsured under Virginia law.

40

Thus, Omni's uninsured motorist coverage exposure for Pannell is $25,000.00. State Farm is obligated to the limit of its contractual liability which is $20,000.00.